UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD THOMAS,<br><br>           Petitioner,<br><br>    v.<br><br>T. FOSS,<br><br>           Respondent. | No. 1:18-cv-01496-LJO-SKO (HC)<br><br>**FINDINGS AND RECOMMENDATIONS TO GRANT RESPONDENT'S MOTION TO DISMISS IN PART AND SUMMARILY DENY THE PETITION IN PART**<br><br>**(Docs. 1, 14)** |

      Petitioner, Edward Thomas, is a state prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent, T. Foss, Warden of the Salinas Valley State Prison ("SVSP"), moves to dismiss the petition as procedurally defaulted and unexhausted. The Court referred the matter to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 and 304. Petitioner alleges three grounds for habeas relief: (1) he was denied his right to call witnesses at his disciplinary hearing; (2) evidence used during the disciplinary hearing was forged; and (3) the disciplinary hearing officer was biased against Petitioner. Having reviewed the record as a whole and applicable law, the undersigned recommends that the Court grant Respondent's motion to dismiss on claims one and two and summarily deny claim three.

**I.    Background**

Petitioner is incarcerated at SVSP and has a projected release date of September 17, 2028. On September 22, 2016, Correctional Sergeant Gamboa told Petitioner he would be housed with another inmate, inmate Bruce, in a double cell. Based on California Department of Corrections and Rehabilitation ("CDCR") records, Petitioner and inmate Bruce could be housed together because they were racially eligible and neither was in a security threat group. Petitioner refused, claiming he was medically qualified for a single cell and would not share a cell with anyone who was not Muslim.

Sergeant Gamboa confirmed with medical staff that Petitioner was not entitled to a single cell. Sergeant Gamboa informed Petitioner that he would receive a rules violation report ("RVR") for willfully delaying a peace officer based on his refusal to accept a cellmate. On September 23, 2016, Sergeant Gamboa issued the RVR to Petitioner. The RVR states:

> On Thursday, September 22, 2016, at approximately 1300 hours while performing my duties as Facility Sergeant, I attempted to consolidate double cell compatible inmates for the need of bed space. I approached [Petitioner]. I informed [Petitioner] Receiving and Release had a nonaffiliated [inmate Bruce], [who] needed to be compacted to consolidate them for additional incoming inmates. [Petitioner] stated "I have a medical single cell Chrono and I'm Muslim, he can't move in with me, I'm not compatible with him." I informed him they were both nonaffiliated therefore they were compatible. [Petitioner] continued to say he will refuse any one you try to put in here that is not Muslim. I informed [Petitioner] all inmates are expected to be double celled if such housing assignment is deemed to be appropriate in order to maintain efficient operation of the institution. [Petitioner] is an RE/inmate who is Racially Eligible, per Strategic Operational Management System (SOMS). [Petitioner] is also RE/inmate who is Racially Eligible, per SOMS. Based on [Petitioner's] refusal to accept a compatible cellmate, he is Willfully Delaying a Peace Officer in the Performance of their Duty and is Refusing to accept assigned housing as staff is attempting to enforce the California Department of Corrections and Rehabilitation Double Cell Housing Policy. . . . Medical staff was contacted regarding [a] single cell Chrono [that Petitioner] was referring to. Medical Staff informed me [Petitioner] did not have a current single cell Chrono. [Petitioner] was informed that he will be receiving disciplinary action as a result of his refusal to accept a compatible cell mate; He stated "I will do what I have to do". This type of behavior severely delays the use of critical bed space and the normal operation of this facility due to the necessity to facilitate housing assignments to newly arriving inmates.

(Doc. 14 at 51.)

On October 15, 2016, senior hearing officer ("SHO"), Lieutenant Espinoza, conducted the disciplinary hearing. The Disciplinary Hearing Results form noted that Petitioner requested inmate Bruce as a witness, but inmate Bruce refused to participate. *Id*. at 61. At the hearing, Petitioner stated, "I'm supposed to be in a cell with non-affiliates and I explained this to the reporting employee who refused to investigate these claims." *Id*. at 62. Lieutenant Espinoza found Petitioner guilty because he admitted that he refused to be housed with inmate Bruce and he was not entitled to stay in a single cell. *Id*. As a result, the SHO sanctioned Petitioner with loss of 90 days credit, loss of 180 days canteen, phone, and package privileges, and 180 days property restrictions. *Id*. at 65.

Petitioner appealed the disciplinary decision, contending his due process rights were violated because he requested Sergeant Gamboa as a witness at the hearing. *Id*. at 71. Petitioner also alleged documents used at the hearing were falsified, and the SHO violated Petitioner's rights by discussing his RVR prior to the hearing with a correctional officer, in violation of CDCR Regulations. *Id*. The appeal was denied on June 16, 2017.

On July 12, 2017, Petitioner filed a petition for writ of habeas corpus in Kings County Superior Court challenging the disciplinary decision. The Superior Court denied Petitioner's claims for failure to exhaust and because the disciplinary decision was supported by "some evidence." *Id*. at 101-02. The California Court of Appeal and California Supreme Court summarily denied Petitioner's petitions for writ of habeas corpus. *Id*. at 240, 335.

Petitioner filed his petition with this Court on October 5, 2018. Petitioner alleges three grounds for habeas relief: (1) he was denied his right to call witnesses at his disciplinary hearing; (2) evidence used during the disciplinary hearing was forged; and (3) the SHO was biased against Petitioner.

3

## II. Standard of Review

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ."

The Ninth Circuit has allowed respondents to file motions to dismiss pursuant to Rule 4 instead of answers if the motion to dismiss attacks the pleadings by claiming that the petitioner has failed to exhaust state remedies or has violated the state's procedural rules. *O'Bremski v. Maas*, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate a motion to dismiss a petition for failure to exhaust state remedies); *White v. Lewis*, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 to review a motion to dismiss for state procedural default); *Hillery v. Pulley*, 533 F. Supp. 1189, 1194, n. 12 (E.D.Ca. 1982) (same). Thus, a respondent may file a motion to dismiss after the Court orders the respondent to respond, and the Court should use Rule 4 standards to review a motion to dismiss filed before a formal answer. *Hillery*, 533 F. Supp. At 1194, n. 12.

Here, Respondent's motion to dismiss addresses the effect of Petitioner's procedural default in state court. The relevant material facts are found in copies of the official records of the state judicial proceedings which have been provided by the parties and as to which there is no factual dispute. The Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4 of the Rules Governing Section 2254 Cases.

## III. Petitioner Procedurally Defaulted on Two Grounds for Relief

Petitioner alleges he was denied the right to call witnesses at his disciplinary hearing, evidence used at the disciplinary hearing was forged, and the SHO was biased against him. (Doc. 1.) Respondent counters that the California Superior Court found Petitioner had failed to exhaust these claims; therefore, he procedurally defaulted on the claims and this Court is barred from reviewing them. (Doc. 14 at 5-6.)

**A. Standard of Review for Procedural Default**

A federal court cannot review claims in a petition for writ of habeas corpus if a state court denied relief on the claims based on state law procedural grounds that are independent of federal law and adequate to support the judgment. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). "A district court properly refuses to reach the merits of a habeas petition if the petitioner has defaulted on the particular state's procedural requirements." *Park v. California*, 202 F.3d 1146, 1150 (2000).

A petitioner procedurally defaults his claim if he fails to comply with a state procedural rule or fails to raise his claim at the state level. *Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003) (citing *O'Sullivan v. Boerckel*, 562 U.S. 838, 844-45 (1999)). The procedural default doctrine applies when a state court determination of default is based in state law that is both adequate to support he judgment and independent of federal law. *Ylst v. Nunnemaker*, 501 U.S. 797, 801 (1991). An adequate rule is one that is "firmly established and regularly followed." *Id.* (quoting *Ford v. Georgia*, 498 U.S. 411, 423-24 (1991)); *Bennett v. Mueller*, 322 F.3d 573, 583 (9th Cir. 2003). An independent rule is one that is not "interwoven with federal law." *Park*, 202 F.3d 1146 at 1152 (quoting *Michigan v. Long*, 463 U.S. 1032, 1040-41 (1983)).

When a state prisoner has defaulted on his federal claim in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claim is barred, unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750.

**B. State Court of Appeal Opinion**

The State Superior Court determined that Petitioner failed to raise the claim that he was denied witnesses at his disciplinary hearing in his inmate appeal:

5

> As to Petitioner's witness-related complaints involving individuals other than the reporting employee, the same were not raised by Petitioner in his CDCR Form 602 Inmate/Parolee Appeal. As a result, the same remain unexhausted. (*Wright v. State of California* (2004) 122 Cal. App. 4th 659, 665 [Under state law, exhaustion of available administrative remedies is a jurisdictional prerequisite to resort to the courts].)

(Doc. 14 at 102.)

The State Superior Court further rejected Petitioner's claim that evidence used at the disciplinary hearing was forged because he failed to exhaust the claim:

> The court notes that, in part, the decision of the Senior Hearing Officer was based upon a September 22, 2016 Informational Chrono in which Petitioner is stated to be eligible for double-cell placement. Petitioner claims that the Chrono is forged; however, there is no evidence of any type of timely administrative challenge to the Chrono in the record.

(Doc. 14 at 101-02.)

**C. State Court's Finding of Procedural Default Was Independent of Federal Law and Adequate**

The California Superior Court found that Petitioner failed to exhaust his prison administrative remedies for claims that he was barred access to witnesses, and evidence used during the disciplinary proceeding was forged. Therefore, the claims were procedurally barred.

A federal court can only enforce a state procedural bar if the state court "declined to reach the issue for procedural reasons." *Franklin v. Johnson*, 290 F.3d 1223, 1230 (9th Cir. 2002). A procedural default will bar federal habeas review as long as the state court "clearly and expressly states that its judgment rests on a state procedural bar." *Harris v. Reed*, 489 U.S. 255, 263 (1989).

Here, in denying Petitioner's petition, the California Superior Court cited *Wright v. State*, which in turn cites *In re Dexter*, 25 Cal.3d 921, 925 (1975). (Doc. 14 at 102.) In *Dexter*, the California Supreme Court declined to review a habeas petition because the petitioner failed to exhaust his available administrative remedies. The Superior Court's citation to *Wright* in its order denying Petitioner's habeas petition indicates it did not reach the merits of Petitioner's claim because he failed to exhaust his administrative remedies. *See Harris v. Superior Court*, 500 F.2d

1124, 1128 (9th Cir. 1974) ("If the denial of the habeas corpus petition includes a citation of an authority which indicates that the petition was procedurally deficient or if the California Supreme Court so states explicitly, then the available state remedies have not been exhausted as the California Supreme Court has not been given the required fair opportunity to correct the constitutional violation.").

California's administrative exhaustion requirement is entirely under state law. The California Supreme Court has indicated that the exhaustion prerequisite does not rely on federal law, but on a long-established state rule. *Dexter*, 25 Cal.3d at 925. Consequently, the state court denied the petition on an independent state ground. Further, California's rule that an inmate must exhaust his administrative remedies is well-established and has been applied since 1941. *Abelleira v. District Court of Appeal*, 17 Cal.2d 280, 292-93 (1941). Therefore, this procedural ground is adequately applied and bars federal review of Petitioner's first two claims in this Court.

### D. Petitioner Cannot Overcome His Procedural Default

As the Court found an independent and adequate state procedural ground, "federal habeas review is barred unless the prisoner can demonstrate cause for the procedural default and actual prejudice, or demonstrate that the failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750.

"Cause under the cause and prejudice test must be something *external* to the petitioner, something that cannot fairly be attributed to him." *Id*. at 753 (internal quotation marks omitted) (emphasis in original). Examples include, "a showing that the factual or legal basis for a claim was not reasonably available to counsel, . . . or that some interference by officials . . . made compliance impracticable, would constitute cause under this standard." *Id*. (internal citation and quotation marks omitted). As Petitioner does not address "cause" for the procedural default, he cannot overcome the procedural default. The Court therefore recommends granting the motion to dismiss.

7

**IV.     The SHO Did Not Demonstrate Bias Against Petitioner**

In his third ground for habeas relief, Petitioner alleges the SHO was biased against him. In his administrative appeal, Petitioner alleged the SHO discussed Petitioner's RVR with a Correctional Lieutenant outside of his presence. (Doc. 14 at 71.) Petitioner appears to have changed this claim to a claim of bias against the SHO when he filed his petition for writ of habeas corpus with the state court. Although it appears Petitioner procedurally defaulted on this claim because he did not exhaust the claim in his prison administrative appeals, the California Superior Court did not address the bias claim, and the Appellate and Supreme Courts summarily denied Petitioner's petitions for writ of habeas corpus. A procedural default bars federal habeas review where the state court "clearly and expressly states that its judgment rests on a state procedural bar." *Reed*, 489 U.S. at 255. Because the state court did not address the bias claim, the Court is not barred from addressing the claim.

Rule 4 of the Rules Governing Section 2254 Cases provides, in part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 8 of the Rules Governing Section 2254 Cases indicates that the court may deny a petition for habeas corpus either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Therefore, the Court will reach the merits of Petitioner's bias claim.

There is no reasoned state court opinion for the Court to review. Consequently, this Court must "perform an independent review of the record to ascertain whether the state court decision was objectively unreasonable." *Haney v. Adams*, 641 F.3d 1168, 1171 (9th Cir. 2011) (internal citations omitted).

8

Petitioner alleges the SHO should have been disqualified from conducting the disciplinary hearing because Petitioner "previously [had] negative interactions with the very same lieutenant on at least two [ ] previous occasions." (Doc. 1 at 11.) Petitioner also claims that the SHO used one of Petitioner's previous RVRs to increase his punishment. *Id*. at 42.

Finally, Petitioner alleges the SHO violated CDCR Regulations by speaking to a different person about Petitioner's RVR. *Id*. at 40. To the extent Petitioner asserts a violation of a state prison regulation, Petitioner is not entitled to federal habeas relief. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (mere errors in the application of state law are not cognizable on federal habeas review); *Jaime v. Harman*, No. EDCV 11-01827 SS, 2012 WL 1463545, at *6 (C.D. Cal. Apr. 27, 2012) (alleged violation of California prison regulation regarding disciplinary procedure did not state a claim for federal habeas relief).

Petitioner's constitutional claim is similarly unavailing. A fair trial in a fair tribunal is a basic requirement of due process that applies in prison disciplinary hearings. *In re Murchison*, 349 U.S. 133, 136 (1955); *Wolf*, 418 U.S. at 570-71. Fairness requires an absence of actual bias and the probability of unfairness. *Murchison*, 349 U.S. at 136. There is a presumption of honesty and integrity on the part of decision makers which may be overcome by evidence of a risk of actual bias or prejudgment based on special facts and circumstances. *Withrow v. Larkin*, 421 U.S. 35, 46-47 (1975). The mere fact that a decision maker denies relief in a given case does not demonstrate bias. *Strivers*, 71 F.3d at 742.

The Ninth Circuit has indicated that a prison official who has participated in the case as an investigating or reviewing officer, or who has personal knowledge of material facts related to the involvement of the accused inmate in the specific alleged incident, may be insufficiently impartial to preside over a disciplinary hearing. *See Clutchette v. Procunier*, 497 F.2d 809, 820 (9th Cir. 1974). Here, Petitioner has not demonstrated that the hearing officer participated in the

investigation as an investigating or reviewing officer, or had material personal knowledge of the incident. Petitioner has failed to allege any specific facts to support his allegation that the SHO was biased against him. The Court therefore recommends summarily denying Petitioner's claim.

## V. <u>Certificate of Appealability</u>

A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, but may only appeal in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)    (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
>     (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
>     (B) the final order in a proceeding under section 2255.
>
>     (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
>     (3) The certificate of appealability under paragraph (1) shall indicate which specific issues or issues satisfy the showing required by paragraph (2).

If a court denies a habeas petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Although the

petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." *Miller-El*, 537 U.S. at 338.

Reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Accordingly, the Court recommends declining to issue a certificate of appealability.

## VI. Recommendations and Conclusions

Based on the foregoing, the undersigned recommends that the Court:

1. Grant Petitioner's Motion to Dismiss (Doc. 14) on claims one and two;

2. Summarily Deny claim three; and

3. Decline to issue a certificate of appealability.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C § 636(b)(1). Within **thirty (30) days** after being served with these Findings and Recommendations, either party may file written objections with the Court. The document should be captioned Objections to Magistrate Judge's Findings and Recommendations. Replies to the objections, if any, shall be served and filed within **fourteen (14) days** after service of the objections. The parties are advised that failure to file objections within the specified time may constitute waiver of the right to appeal the District Court's order. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **April 5, 2019**  /s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE

12