UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD THOMAS,<br><br>    Petitioner,<br><br>    v.<br><br>T. FOSS,<br><br>    Respondent. | No. 1:18-cv-01496-LJO-SKO (HC)<br><br>**ORDER DENYING MOTION FOR RECUSAL**<br><br>(Doc. 22) |

Petitioner is a state prisoner proceeding in propria persona with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On October 5, 2018, Petitioner filed the instant habeas petition in this Court. Respondent moved to dismiss the petition on January 22, 2019. Petitioner filed an opposition on March 6, 2019, and Respondent filed a reply on March 12, 2019. On April 8, 2019, the Magistrate Judge issued Findings and Recommendations to grant the motion to dismiss the petition in part and to summarily deny the petition in part. On April 23, 2019, Petitioner was granted a 35-day extension of time to file objections. To date, no objections have been filed.

On June 6, 2019, Petitioner filed a motion for recusal.

**DISCUSSION**

As grounds for disqualification or recusal, Petitioner contends that the District Judge and Magistrate Judge are biased against him. He complains that a previous case, Case No. 1:16-cv-

1

01393-LJO-SKO (PC), was screened and dismissed improperly.  He states he filed a judicial misconduct complaint in the Ninth Circuit on September 7, 2017, as a result. He contends he cannot obtain a fair result because of the undersigned's and the Magistrate Judge's purported bias and prejudice.

Disqualification is required if a party demonstrates that that the judge's impartiality might reasonably be questioned, 28 U.S.C. § 455(a), or the judge has a personal bias or prejudice concerning a party, 28 U.S.C. § 455(b)(1).  Recusal is required only if the judge's bias is 1) directed against a party; 2) stems from an extrajudicial source; and 3) is such as a reasonable person knowing all the facts would conclude that the judge's impartiality might reasonably be questioned.  Liteky v. United States, 510 U.S. 540, 545-546 (1994); United States v. Studley, 783 F.2d 934, 939 (9th Cir. 1986); United States v. Bell, 79 F.Supp.2d 1169, 1173 (E.D. Cal. 1999). A judge's rulings while presiding over a case do not constitute extra-judicial conduct.  Nilsson, et al., v. Louisiana Hydrolec, 854 F.2d 1538, 1548 (9th Cir. 1988).  A motion to disqualify a judge pursuant to § 455 is decided by the judge whom the moving party wishes to disqualify.  In re Bernard v. Coyne, 31 F.3d 842, 843 (9th Cir. 1994).

Here, Petitioner has not met the requirements for recusal or disqualification.  First, the alleged bias and prejudice do not stem from an extrajudicial source, but rather from Petitioner's own history as a litigant before these particular judges.  Second, and more significantly, the mere fact that a judge's ruling in other cases went against Petitioner's interests does not reflect either bias or prejudice.  Petitioner complains of the previous dismissal but he does not demonstrate that it was legally incorrect.  He simply complains that the ruling was adverse to him. Under this logic, however, any party who returns to federal court following an unfavorable result in an earlier case is entitled to have a different judge solely because the result in the earlier case was unfavorable.  This is not and has never been the law regarding recusals and disqualifications.  The Court is unaware of any case that imputes bias or prejudice from the mere fact of an earlier unfavorable result.  Finally, based on the foregoing, no reasonable person knowing all of the above facts would conclude that the Court's impartiality could be reasonably questioned.  Liteky, 510 U.S. at 545-546.

**ORDER**

For the foregoing reasons, it is HEREBY ORDERED that Petitioner's motion for recusal (Doc. 22) is DENIED.

IT IS SO ORDERED.

Dated:  **June 12, 2019**          **/s/ Lawrence J. O'Neill**
                                    UNITED STATES CHIEF DISTRICT JUDGE